ELIZABETH LUDLOW, Appellant, *v.* JACOB CARR, Respondent.

*N. Y. Supreme Court, Third Department, General Term, May* 27, 1889.

1. *Deed. Construction.*—A conveyance, which first gives courses, and distances and then adds, "the above description includes a small lot known as the widow Sheffer lot, and which is hereby conveyed," etc., transfers the whole of the Sheffer lot, though a portion of it is not included within such courses and distances.
2. *Same.*—Where there are two possible constructions of a deed, one favorable, the other unfavorable, to the grantor, the latter is to be preferred.

Action in ejectment to recover the possession of certain real estate, and damages for witholding the same.

Appeal from a judgment entered upon a verdict directed by the court.

*Erastus Coons* (*A. Frank B. Chase*, of counsel), for appellant.

*Seaman Miller*, for respondent.

LEARNED, P. J.—In 1822, the ancestor of plaintiff, from whom she derives title, leased to one Sheffer a small strip of land, containing about three-fourths of an acre, lying along the west side of the highway, for the joint lives of Sheffer and his wife, and for life of the survivor, at the rent of four dollars a year. Sheffer died. His widow survived until after 1845. This strip of land is called the widow Sheffer lot. It is about three hundred and twenty feet long and twenty-two feet wide. In 1845, the plaintiff aud her husband sold and conveyed to Miller, defendant's grantor, a farm of about ninety-three acres. The conveyance first gives courses and distances, and then adds the following, viz: " The above description includes a small lot known as the widow Sheffer lot, and which is hereby conveyed, subject to a lease thereon, for the life of said widow Sheffer, and said parties of the second part hereby agree to pay said party of the first part two dollars per year, as rent therefor, during the life of said widow Sheffer, and he to receive the rent that accrues thereon from said widow Sheffer, and in case of her not paying rent therefor, to take possession thereof. And when same is reduced to his possession, said party, of the second part covenants to pull down the building now on said lot."

The principal part of the farm conveyed, substantially all except the Sheffer lot, lies on the east side of said highway. About the time of the said conveyance, the plaintiff and her husband assigned the Sheffer lease to said Miller.

According to these courses and distances, one of the

boundary lines, running nearly parallel to the highway above mentioned, and on the same side of the highway with the Sheffer lot, is very near to the west line of that lot, but does not quite coincide with it. There is left beyond that line, a little narrow strip of land, about one-eighth of an acre, which the plaintiff now sues to recover.

The judge, at the trial, directed a verdict for the defendant, and, we think, very properly.

If there are two constructions possible of a deed, one favorable, the other unfavorable, to the grantor, the latter is to be preferred.

Even aside from that rule, the grantor evidently conveyed, and intended to convey, the Sheffer lot. Such is his language: " which is hereby conveyed." It is quite possible that, as the parties supposed, the description itself included this Sheffer lot. But that there should be no doubt on the subject, they added the clause above quoted, which puts their meaning beyond question.

Immediate possession of the Sheffer lot could not be given, because the widow was living. But on her death, the grantee could go into possession, and in case of non-payment of rent, it was expressly provided that he was to take possession of the lot, not of a part of it.

The plaintiff places much argument on the circumstance that the Sheffer rent was four dollars, of which Miller was to pay two, and urges that this indicates a dividing of the lot. We think that no weight is to be given to this circumstance. We do not know the motive of the parties. It is not difficult to see that Miller might not wish to pay the full rent; the property might not be productive; the widow might find it difficult to pay her four dollars; Miller might be unwilling to dispossess her for non-payment. Of course, this is only conjecture, and we base no argument on it. We rest solely on the language of the deed. Whatever the arrangement the parties chose to make in regard to the rent of this little Sheffer lot, it is plain that they treated it as a

whole, and that it was a part of the land which the plaintiff sold and conveyed to Miller. It was a definite piece of land known to the parties, and understood by them.

The plaintiff further claims that the clause above quoted was inserted only to relieve plaintiff from liability on the covenant of warranty. But much simpler and different language would have sufficed for that purpose. It would have been enough to say: "Subject to the lease of the widow Sheffer in part of her lot."

The plaintiff urges that this is a case of false description, inasmuch as the courses and distances do not include the whole of the Sheffer lot, and, therefore, the clause that "the description includes a small lot," etc., should be disregarded. But this is not sound. On examining the map showing the premises, it will be seen that the west line of the farm as described, follows for a considerable distance the highway above mentioned. It then diverges from it a little. And the reasonable inference is that such divergence was for the very purpose of taking in this Sheffer lot, a little piece of about three-fourths of an acre, which is substantially all of the farm that lies west of that highway. It is, therefore, but reasonable to conclude that to put the matter beyond all doubt, the clause previously quoted from the deed was inserted. The object was that there should be no question that this little piece of land, for many years fenced in and occupied as a dwelling place, should pass to Miller as a part of his farm.

To this we may add the further circumstance that the Sheffer lease, as above stated, was in a few days assigned to Miller by the plaintiff and her husband.

The judgment is affirmed, with costs.

LANDON, J., concurs; INGALLS, J., not acting.